UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JULIUS DICKENS** | : | **DOCKET NO. 18-cv-1324** |
| **VERSUS** | : | **JUDGE FOOTE** |
| **CB&I LLC** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand by plaintiff, Julius Dickens. Doc. 7. Defendant CB&I LLC ("CB&I") opposes the motion. Doc. 10. This motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, **IT IS RECOMMENDED** that the motion be **GRANTED.**

I.
BACKGROUND

On August 15, 2018, plaintiff filed suit in the 14th Judicial District Court, Calcasieu Parish, against his former employer, CB&I. Doc. 1, att. 1. Plaintiff alleges he was terminated from his position as a Piperfitter Journeyman I because of his obesity, and that such termination was unlawfully discriminatory under Louisiana law. *Id.* CB&I then removed the suit pursuant to 28 U.S.C. § 1331. Doc. 1. It argues that this court has subject matter jurisdiction because plaintiff's petition includes a claim that CB&I violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. *Id.* at 3. Plaintiff now moves to remand, denying that his petition asserts any claims under federal law. Doc. 7, p. 2. CB&I opposes the motion. Doc. 10.

## II.
## LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (internal quotation omitted). Generally, a defendant may remove a civil action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). However, the federal district court must remand the action to state court if it finds that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing party bears the burden of showing that removal was procedurally proper, and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." To determine whether a cause of action arises under federal law, courts apply the well-pleaded complaint rule. *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). This rule recognizes the axiom "that a plaintiff is master of his complaint and may generally allege only a state law cause of action even where a federal remedy is also available." *Id.*

Under the well-pleaded complaint rule, "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Id*. A federal cause of action can be asserted inadvertently, however, and the court should read the pleading independently of the plaintiff's subjective intent. *Leaumont v. City of Alexandria*, 582 F. App'x 407, 410 (5th Cir. 2014). In *Leaumont*, plaintiff cited in his state-court petition "a violation of [the Louisiana Employment Discrimination Law ("LEDL")] and . . . [the Americans with Disabilities Act ("ADA"),] 42 USC § 12101, *et seq.*, particularly § 12114." *Id.* at 409. This was

the only time the ADA was mentioned in his complaint and he argued that his citation to that statute "was intended merely as a reference to aid in the analysis of his claims under the [LEDL]." *Id.* at 410.  The Fifth Circuit disagreed; it reasoned federal question jurisdiction existed because "the petition, fairly read, assert[ed] independent claims under both the LEDL and the ADA." *Id.*

Even when a federal claim is not asserted, a state law claim supports federal subject matter jurisdiction when the claim nonetheless "turn[s] on substantial questions of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 125 S.Ct. 2363 (2005). This can occur in cases where "claims created by state law . . . 'incorporate federal standards or require the interpretation of federal law.'" *French v. EMC Mortgage Corp.*, 566 F. App'x 285, 287 (5th Cir. 2014) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001).  However, a mere reference in a petition to a federal standard is not enough to confer jurisdiction.  *See Howery*, 243 F.3d at 918 (5th Cir. 2001) (plaintiff's mention of Fair Credit Reporting Act provisions and associated regulations "merely served to describe types of conduct that violated the [Texas Deceptive Trade Practices Act], not to allege a separate cause of action" under federal law). Rather, federal question jurisdiction based on such state law claims is only appropriate when "it appears that some substantial, disputed question of federal law is a **necessary** element of one of the well-pleaded state claims, or that . . . the claim is 'really' one of federal law." *Franchise Tax Bd. of Cal v. Construction Laborers Vacation Trust for Southern California*, 103 S.Ct. 2841, 2848 (1983) (emphasis added).  As noted by the Supreme Court,

> The general rule is that, where it appears from the bill or statement of the plaintiff that the right to relief depends upon the construction or application of the Constitution or laws of the United States, and that such federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction under this provision.

*Smith v. Kansas City Title & Trust Co.*, 41 S.Ct. 243, 245 (1921).

In the plaintiff's petition he defines his first and second causes of action as "Employment Discrimination/Failure to Hire/Termination Pursuant to La. R.S. § 23:322." Doc. 1, att. 1, p. 8. In reference to this claim plaintiff alleges he is "obese, which constitutes a disability for purposes of the [ADA] and [the LEDL,] La. R.S. § 23:322(3)." *Id.* CB&I contends plaintiff has put forth a federal claim by virtue of this reference to the ADA. *See* doc. 10, pp. 7–11. Alternatively CB&I avers that, even if plaintiff has not put forth a federal claim on the face of his petition, federal question jurisdiction exists because plaintiff's state law claims are reliant on the substantial interpretation of federal law, namely interpretation of the ADA. *Id.* at 11–15. Plaintiff denies he has made any claim under the ADA and maintains his claims do not turn on any interpretation of the ADA. Doc. 7, att. 1, pp. 2–6.

At the outset we distinguish this case from *Leaumont*.[1] The petition in that matter alleged "a **violation** of . . . 42 USC § 12101," which the court characterized as an "affirmative assertion of an ADA claim." 582 F. App'x at 410 (emphasis added). In the instant petition plaintiff does not allege "a violation of" federal law, but instead cites the ADA in reference to the definition of disability. *See* doc. 1, att. 1, p. 8 ("constitutes a disability for purpose of the Americans with Disabilities Act"). This reference does not amount to an affirmative assertion that defendant has violated the ADA. Accordingly, the plaintiff has not asserted a federal claim on the face of his

---

[1] Defendant also attempt to analogize this matter to *Leaumont* by raising a point noted by the district court though ignored by the Fifth Circuit in its subsequent opinion – the plaintiff's failure to expressly and solely limit his relief to recovery available under state law. 2013 WL 5426013, at *2 & n. 3 (W.D. La. Sep. 26, 2013), *report and recommendation adopted*, 2014 WL 906134 (W.D. La. Mar. 7, 2014). As it notes, the petition here also contains no such limitation and the court in *Leaumont* viewed the absence of such a limitation as supporting defendant's argument that a federal question was presented on the face of the plaintiff's well-pleaded complaint. *Id.*; *see* doc. 10, p. 10. The defendants fail to show, however, where in the instant petition plaintiff seeks a category of damages under Louisiana. In view of the more limited reference to the ADA in this matter, the court does not view this circumstance as sufficient to support the existence of a federal claim. *Cf. Perry v. Sasol (USA) Corp.*, 2018 WL 2407489 (W.D. La. May 10, 2018), *report and recommendation adopted*, 2018 WL 2407483 (W.D. La. May 25, 2018) (plaintiff's prayer for punitive damages, available under federal but not state employment discrimination law, and his assertion that defendant had behaved with requisite indifference and employed a sufficient number of employees to invoke Title VII's highest tier of damages, showed that plaintiff's claim actually arose under federal law).

petition.

Next, we consider whether evaluating plaintiff's state law claims will require the interpretation of any substantial portion of the ADA. To establish a disability discrimination claim under the LEDL, a plaintiff must show, among other, things that he was disabled at the time of the complained-of employment action. *Bell v. Hercules Lifeboat Co., LLC*, 524 F. App'x 64, 67 (5th Cir. 2013). Accordingly, at issue in this case is whether "obesity" is a disability as contemplated by the LEDL. CB&I argues this determination will necessarily turn on "[w]hether in the employment context an obese individual is disabled with the meaning of the ADA." Doc. 10, p. 13. We disagree.

The LEDL prohibits, inter alia, employment discrimination against a "person with a disability." It defines that term as "any person who has a physical or mental impairment which substantially limits one or more of the major life activities, or has a record of such an impairment, or is regarded as having such an impairment." La. Rev. Stat. § 23:322(3). This language mirrors language used in the ADA's statutory definition of disability. *See, e.g.*, 42 U.S.C. § 12102(1)(A) (describing a disability as "a physical or mental impairment that substantially limits one or more major life activities.") Moreover, Louisiana courts "have relied upon similar federal statutes and the interpreting federal jurisprudence" in interpreting the LEDL. *Smith v. Thurman Oils, Inc.*, 951 So.2d 359, 361 (La. Ct. App. 1st Cir. 2006) (citations omitted).

Defendant indicates that "federal courts are split as to whether and under what circumstances obesity is a disability for purposes of the ADA." Doc. 10, p. 13 (citations omitted). Defendant argues that this uncertainty, combined with LEDL's adoption of *language* used by the ADA in defining disability, establishes federal jurisdiction. *See Id.* at 12. As noted, *supra*, federal jurisdiction can exist if the state law claims at issue "incorporate federal standards." *French*, 566

F. App'x at 287.  Some courts appear willing to depart from a more traditional definition[2] of incorporation, requiring a state statute to incorporate a federal law by specific reference, to conclude that pattering a state statue after a federal statute constitutes "incorporation." *See, e.g.*, *Laughton v. Tenet Healthcare Corporation*, 2015 WL 5611520 (D. Ariz. Sep. 23, 2015) (readily accepting that Arizona's law "incorporates federal standards established under the ADA," but finding there was no federal question jurisdiction because defendants had "not assert[ed] that the ADA standards [were] unclear and required construction.")  Nevertheless, we find defendant's interpretation of *French*—that § 1331 jurisdiction is automatically conferred when a case deals with an unsettled issue of state law if that law is patterned after a federal statute—stretches federal question jurisdiction too far.

The cases dealing with state law claims that have allegedly incorporate federal standards largely involve either an express citation to federal law in a petition or an express citation to the federal law within the state law that gives rise to the cause of action.[3]  In these cases, it is easy to perceive why questions of federal law may be a "necessary element of one of the well-pleaded state claims." *Franchise Tax Bd. of Cal.*, 103 S.Ct. at 2848.  By contrast, in the limited cases dealing with state statutes that are patterned after federal statutes without express citation, the courts have been hesitant to grant federal question jurisdiction absent an allegation of complete federal preemption.[5]

---

[2] Incorporation is: "[t]o make use of the terms of another (esp. earlier) document by *specific reference*." Black's Law Dictionary 834 (9th ed. 2009) (emphasis added).

[3] *See*, *e.g.*, *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 106 S.Ct. 3229, 3231 (1986) (complaint alleged a "violation of the FDCA" (Federal Food, Drug, and Cosmetic Act) constituted a rebuttable presumption of negligence for a state law cause of action); *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 945 (D. Nev. 2011) (citing Nev. Rev. Stat. § 649.370, which provides that Nevada law is violated by "[a] violation of any provision of the federal Fair Debt Collection Practices Act . . .or any regulation adopted pursuant thereto.")

[5] *See Moore v. Chesapeake & O. Ry. Co.*, 54 S.Ct. 402, 405–06 (1934) (rejecting the notion that a Kentucky statute that "reproduced in substance, and with almost literal exactness, the corresponding provisions of [a federal law]," created state law claims "arising under the laws of the United States and cognizable in the federal court in the absence of diversity citizenship"); *see also Armstrong v. Northern Mariana Islands*, 576 F.3d 950, 954 (9th Cir.

It has long been argued that uniform interpretation of identical or nearly identical state and federal statutes is highly desirable. *See Construction of a Statue Adopted from Another Jurisdiction*, 43 Harv. L. Rev. 623 (1930) ("The orthodox analytical view of most canons of construction is that they are based on legislative intent, and the very wording of the rule stated indicates that the courts ascribe their practice in following the foreign construction to the legislature's presumed intention to adopt it.") Nevertheless, we do not suppose that such desirability prevents a state court from examining issues of first impression. Accordingly, the question of whether obesity is considered a disability under the LEDL does not create a federal issue.

Finding no basis to support defendant's claim of § 1331 jurisdiction, we recommend the case be remanded for lack of subject matter jurisdiction.

### III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Remand be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

---

2009) (rejecting defendant's argument that "because the provision of [the state tax code] 'mirror' the provisions of [the federal tax code]," the claims necessarily implicate questions of federal law); *see also Horowitz v. Marlton Oncology, P.C.*, 116 F.Supp.2d 551, 556 (D.N.J. 1999) (noting that "[i]f a state's legislature could borrow a federal definition for an element of a cause of action and thereby confer federal question jurisdiction upon a federal court, it would offend that concept that only acts of Congress may do so.")

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 22nd day of May, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE